
# IN THE SUPREME COURT OF GUAM

## IN THE MATTER OF JUAN P. SAN NICOLAS and JOHN J. SABLAN,
Petitioners-Appellants,

**v.**

## EDWARD BIRN, in his official capacity as Director for the DEPARTMENT OF ADMINISTRATION,
Respondent-Appellee,

**and**

## GUAM FIRE DEPARTMENT,
Real Party in Interest-Appellee.

Supreme Court Case No.: CVA19-025
Superior Court Case No.: SP0088-17

## OPINION

## Cite as: 2022 Guam 8

Appeal from the Superior Court of Guam
Argued and submitted on May 26, 2021
Via Zoom video conference

Appearing for Petitioners-Appellants:
Jacqueline Taitano Terlaje
Law Office of Jacqueline Taitano Terlaje, P.C.
284 W. Chalan Santo Papa
Hagåtña, GU 96910

Appearing for Respondent-Appellee:
James L. Canto II
Deputy Attorney General
Office of the Attorney General
Litigation Division
590 S. Marine Corps Dr., Ste. 802
Tamuning, GU 96913


E-Received
11/29/2022 10:23:28 AM

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**MARAMAN, J.:**

**[1]** In 2005, Petitioners-Appellants Juan P. San Nicolas and John J. Sablan ("Petitioners") began decades-long proceedings with the Department of Administration ("DOA"), the Civil Service Commission ("CSC"), and the Superior Court to obtain back pay for the years they spent performing duties beyond their formal Firefighter I position. In June 2017, the Superior Court entered a final judgment on the matter. Days later, the Petitioners filed a Verified Petition for Writ of Mandamus, arguing the Petitioners are statutorily entitled to a promotion for the duties performed beyond their Firefighter I position. The trial court denied the writ, and the Petitioners appealed.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**[2]** The Petitioners are former Guam Fire Department ("GFD") employees. This appeal follows two special proceedings—Superior Court Case Nos. SP0189-10 and SP0088-17—in which Petitioners claimed they were not compensated for performing duties above their positions. This appeal is from the judgment entered in SP0088-17.

**[3]** Beginning in 2001 and 2002, respectively, Petitioners San Nicolas and Sablan were employed as "Firefighter I" but performing duties above that title before being promoted in 2008. Record on Appeal ("RA"), tab 1 at 2 (Pet. Writ Mand., June 22, 2017), Ex. 1 at 1-2 (Mem. DOA to Fire Chief, May 21, 2008) ("[I]t is clear to us that they have performed duties above that of a Firefighter I."); San Nicolas v. Guam Civ. Serv. Comm'n, SP0189-10 (Dec. & Order at 9-11, (Apr.

12, 2013)).[1]  In 2005, Petitioners requested that DOA perform a desk audit, claiming they were performing the duties of Fire Captain and were entitled to promotion and the related compensation. In May 2008, DOA found Petitioners were performing duties above their positions, but not at the supervisory level of Fire Captain.  DOA explained that it could not classify Petitioners into any other position because no appropriate one existed.  DOA recommended financial compensation at the Fire Service Specialist position level, not reclassification.[2]  In June 2008, Petitioners appealed the results to DOA without effect.  SP0189-10 (Dec. & Order at 2 & n.1, 9, 12 (Apr. 12, 2013)). Meanwhile, Petitioners filed grievances seeking an appeal to the CSC from April to June 2008. The CSC declined jurisdiction.

[4]     Remaining uncompensated, in 2010, Petitioners filed SP0189-10 in the Superior Court against GFD and DOA.  Petitioners requested judicial review of the CSC's jurisdiction and a writ of mandamus requiring, *inter alia*, DOA and GFD to determine back pay owed and to compensate Petitioners such back wages for performing Fire Captain duties.  In their answers, GFD and DOA maintained that Petitioners were never "detailed" to an assignment above Firefighter I and denied

---

[1] Most documents from SP0189-10 are not included in the Record on Appeal in this case.  In our discretion, and without request, we take judicial notice of this SP0189-10 Decision and specific other court records in SP0189-10 under Guam Rule of Evidence 201(b)(2)-(c), as the contents of Superior Court records are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *See People v. Diaz*, 2007 Guam 3 ¶¶ 61-66.  Moreover, the trial court inherently relied on its own rulings in SP0189-10 to determine res judicata applied in SP0088-17, *see* Record on Appeal ("RA"), tab 16 at 2, 6-7 (Dec. & Order, May 9, 2019); that analysis is necessary for our appellate examination here.  Additionally, both parties include in their "Excerpts" of Record SP0189-10 documents which do not appear in the Record on Appeal.  *E.g.*, Appellant's Excerpts of Record ("ER") at 62-63 (Judgment, July 18, 2017); Appellee's Suppl. Excerpts of Record ("SER") at 78 (GFD Answer, May 20, 2011); *cf.* Transmittal of Record (Jan. 8, 2020).  The parties likewise rely on these "Excerpts" in their briefs.  *See, e.g.*, Appellant's Br. at 17 (Mar. 3, 2020); Appellees' Br. at 6 (June 26, 2020).  We therefore anticipate no reasonable objection from the parties.  *See People v. Perez*, 2021 Guam 18 ¶ 33 (approving appellate judicial notice where it is not unfair to a party and does not undermine trial court's fact-finding authority).

[2] Throughout the record, the terms "Fire Service Specialist" and "Fire Specialist" have seemingly been used interchangeably.  *Compare* RA, tab 1 at 2 (Pet. Writ Mand., June 22, 2017), Ex. 1 at 2 (Mem. DOA to Fire Chief, May 21, 2008) (using "Fire Service Specialist"), *with* San Nicolas v. Guam Civ. Serv. Comm'n, SP0189-10 (Stip. Return Peremptory Writ Mand. (Nov. 19, 2015), Ex. 1 at 3 (CSC Dec. & Evid. Hr'g Peremptory Writ Mand., Nov. 17, 2015)) (using "Fire Specialist").  No party has tried to distinguish between the two, and so we take the terms as interchangeable and use them interchangeably in this opinion.

GFD and DOA were legally obligated to compensate Petitioners. SP0189-10 (GFD Answer at 3-6, 9 (May 20, 2011)); *id.* (DOA Answer at 2-3, 6 (May 20, 2011)). In response, the trial court issued a peremptory writ remanding the matter to the CSC, finding the CSC had jurisdiction, and ordering it to determine the exact duties Petitioners allegedly performed according to the court's earlier decision entitling Petitioners to at least 120 days of compensation. SP0189-10 (Peremptory Writ Mand. at 2, (Nov. 15, 2013)); *id.* (Dec. & Order at 7, 11, 12 (Apr. 12, 2013)) ("[A]t a minimum, the CSC will find Petitioners are entitled to Fire Specialist *pay* as recommended by the desk audit. At most, Petitioners will be entitled to Fire Captain pay as alleged in the Petition." (emphasis added)). The court specifically ordered the CSC to "re-classify the duties and responsibilities Petitioners allegedly performed." *Id.* at 11.

[5]     While awaiting the CSC review, in 2014 Petitioners moved for the court to require DOA to promote Petitioners to Fire Specialists as a separate obligation from any CSC determinations under 10 GCA § 72107:

> [Rendering Appointments Permanent.] A Guam Fire Department employee who has occupied the position of Firefighter II or Fire Service Specialist on a temporary basis for more than five (5) years shall be deemed to be promoted to and occupy said position on a permanent basis. The Director of Administration shall execute the necessary personnel actions to document such promotions.

SP0189-10 (Mot. Writ Mand. at 1, 3 (Mar. 20, 2014) (claiming Petitioners *occupied positions* of Fire Service Specialists)); 10 GCA § 72107 (2005).

[6]     The court denied the writ of mandamus, being "unable to find that [the CSC] is not currently providing Petitioners with an adequate remedy" and lacking a factual finding until the CSC determined Petitioners' compliance with regulations and Respondents' defenses. SP0189-10 (Dec. & Order at 4 (June 25, 2014)).

**[7]** In 2015, following twenty-plus hearing days where Petitioners were present and represented by counsel, the CSC unanimously determined Petitioners performed duties of a Fire Service Specialist from 2001 through 2008. SP0189-10 (Stip. Return Peremptory Writ Mand. (Nov. 19, 2015)), Ex. 1 at 3 (CSC Dec. & Evid. Hr'g Peremptory Writ Mand. (Nov. 17, 2015)). The CSC held that Petitioners were entitled to pay differential. However, the CSC decided that under DOA Personnel Rules and Regulations, because Petitioners filed their grievance years after the fifteen-day deadline, they had no recourse for back pay compensation before they filed their grievance with DOA in September 2005. Therefore, the CSC determined that Petitioners were entitled to pay differential from the period between their request for a DOA audit in September 2005 through May 2008. The CSC holding did not address promotion or title reclassification.

**[8]** In January 2016, Petitioners entreated DOA by letter that under law, "the obligation to execute the necessary personnel actions to document [Petitioners'] promotions is vested in you" and requested confirmation of intent to comply with 10 GCA § 72107. RA, tab 1 (Pet. Writ Mandate), Ex. 2 at 1 (Letter from Pet'rs to DOA, Jan. 20, 2016) (providing statute). DOA denied the request. *Id.*, Ex. 3 (Letter from AG to Pet'rs, Feb. 29, 2016); *id.*, Ex. 4 (Letter from AG to Pet'rs, May 13, 2016) (asserting consensus between DOA and GFD that Fire Service Specialist position no longer exists, and no one was "grandfathered in" to it).[3]

**[9]** In July 2016, Petitioners renewed their SP0189-10 motion for a peremptory writ of mandamus by requesting the court mandate DOA's compliance with 10 GCA § 72107. In November 2016, besides holding that this renewed motion "appears to be an attempt by Petitioners

---

[3] Three months after sending a letter to Petitioners stating that the position of Fire Service Specialist had been abolished, in a brief, DOA then claimed "[t]here are approximately eight Fire Service Specialists working at GFD" and that Petitioners had applied for this position but "failed the exam." SP0189-10 (Mem. Opp'n Renewed Mot. at 8 (Aug. 18, 2016)). No subsequent filings by either the parties or the trial court ever address this inconsistency, and so we are left with this ambiguity as to the status of the Fire Service Specialist position at GFD.

to amend its initial verified petition [seeking back pay] without going through all the administrative remedies and procedures necessary for a writ of mandamus," the Superior Court found Petitioners had not exhausted their administrative remedies and should file another grievance for the promotion and associated back pay. SP0189-10 (Dec. & Order at 4-5 (Nov. 23, 2016)). Petitioners instead moved for reconsideration, arguing compliance with 10 GCA § 72107 is outside the grievance procedure. SP0189-10 (Mot. Recons. at 5-7 (Dec. 27, 2016)). The court denied reconsideration, holding the CSC complied with their 2013 mandate by finding Petitioners were entitled to Fire Specialist pay differential, that this decision had not been appealed, and that under 4 GCA § 4408, *the CSC* may seek enforcement of its decisions—but this statutory right does not apply to Petitioners. SP0189-10 (Dec. & Order at 5-6 (May 10, 2017)). The court reasoned, "Petitioners simply repeat their previous arguments" from the 2010 Petition for Writ of Mandamus, and this renewed petition requesting they be *promoted* to Fire Service Specialists under the CSC findings was a different claim than their 2010 request to be compensated and promoted to Fire Captain. *Id.* at 5. The court found "no remaining issues to be resolved in this case" and held that a separate writ seeking the enforcement of the CSC findings was appropriate. *Id.* at 5-6.

[10]     Thereafter, Petitioners filed Superior Court Case No. SP0088-17, petitioning for a writ of mandamus to order DOA to promote Petitioners to Fire Service Specialist under 10 GCA § 72107 and determine associated back pay. RA, tab 1 at 1, 3, 6 (Pet. Writ Mand.) (summarizing SP0189-10). The trial court granted leniency, reasoning that because Petitioners had left their GFD employment while SP0189-10 remained undecided with the court, hearing the SP0088-17 petition was "proper because the Petitioners' [sic] do not have any administrative remedies currently

available to them, and the Petitioners' failure to pursue prior administrative remedies is not a bar to the current action." RA, tab 16 at 4-5 (Dec. & Order, May 9, 2019).

[11]     Meanwhile, in June 2017, Respondents moved to enter judgment in SP0189-10, asserting the government would compensate Petitioners as ordered only upon final judgment and that Petitioners had not responded to requests to execute a proposed judgment. SP0189-10 (Mot. J. at 2-3 (June 15, 2017)). The court terminated SP0189-10 "according to the court's Decisions and Orders." SP0189-10 (Judgment at 2 (July 13, 2017)); *id.* (Final Judgment (July 18, 2017)). Petitioners did not appeal.

[12]     In November 2017, DOA answered in SP0088-17 asserting, *inter alia*, that 10 GCA § 72107 is void and unenforceable because it inorganically violates Guam's merit system, that the CSC finding supersedes the DOA audit, and that the SP0189-10 judgment and related 2015 CSC order are final—meaning this SP0088-17 claim is precluded. DOA added that by terminating his employment, Petitioner San Nicolas was ineligible for 10 GCA § 72107 although he was rehired in a different position. Without elaboration, DOA and GFD admitted to paragraphs 1-14 of the petition, inclusive of paragraphs 6 and 7, which state:

> On or about [2001-02 to] 2008, Petitioner[s] San Nicolas [and Sablan] held the position classification of Firefighter I within GFD. Petitioner[s] San Nicolas [and Sablan], while assigned to the Fire Prevention Bureau, occupied the position of FIRE SERVICE SPECIALIST by performing the duties thereof on a temporary basis for more than five (5) years.

RA, tab 1 at 1, 3, 6 (Pet. Writ Mand.); *see also* RA, tab 7 at 1 (Am. Answer, Nov. 3, 2017).

[13]     Respondents also denied paragraphs 25-26, each of which contain the premise "that Petitioners have occupied the position of Fire Service Specialist on a temporary basis for more than five (5) years." RA, tab 1 at 4-5 (Pet. Writ Mand.); *see also* RA, tab 7 at 1, 2 (Am. Answer). Respondents further denied paragraphs 27 and 28, which allege that pursuant to "10 GCA § 72107,

Petitioner[s] by Guam statute [have] continually occupied and [were] promoted to the position of Fire Service Specialist on a permanent basis since [their start dates] and DOA has failed to comply with its statutorily imposed obligation since [the five-year mark]." RA, tab 1 at 5 (Pet. Writ Mand.); *see also* RA, tab 7 at 2 (Am. Answer). Respondents also admitted to paragraphs 21-23, which allege that DOA made a factual finding Petitioners were performing and occupying the duties of Fire Service Specialist on a temporary basis in excess of five years, that CSC made the same finding, and that "there is no dispute" Petitioners performed and occupied the Fire Service Specialist position for more than five years from 2001 to 2008 respectively. RA, tab 1 at 4 (Pet. Writ Mand.); *see also* RA, tab 7 at 2 (Am. Answer).

[14]     On May 9, 2019, the court denied Petitioners' SP0088-17 writ petition on the basis of statutory interpretation and *res judicata*. The court held that 10 GCA § 72107 did not apply to Petitioners and that the SP0189-10 decision, which agreed with the CSC findings, was final. Petitioners moved for reconsideration, alleging that DOA and GFD's Answer constituted judicial admissions that require the court to decide in Petitioners' favor and that 10 GCA § 72107 should be interpreted in Petitioners' favor. RA, tab 19 at 2, 4-11 (Mot. Recons., May 24, 2019) (noting Respondents' answer admitted to paragraphs 6 and 7 which include that Petitioners "occupied the position of" Fire Service Specialist). Respondents moved to amend their answer by denying paragraphs 21-23, but the issue became moot.[4]

[15]     The court denied Petitioners' motion for reconsideration, upholding the denial of the SP0088-17 writ petition. In its decision, the court relied on interpreting 10 GCA § 72107 in Respondents' favor, which it found obviated the need to readdress *res judicata* issues. The trial court also held that because Respondents' August 2017 answer denied that Petitioners were

---

[4] Respondents did not amend their answer to deny paragraphs 6-7.

entitled to 10 GCA § 72107 promotion, it sufficiently contradicted Petitioners' claim that *occupying* the position was judicially admitted "within the narrow bounds of how that phrase is to be construed under §72107." RA, tab 30 at 4 (Dec. & Order, Oct. 16, 2019). The SP0088-17 judgment—the basis for this appeal—dismissed and denied Petitioners' writ petition.

## II. JURISDICTION

**[16]** This court has jurisdiction over an appeal from final judgment. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-214 (2022)); 7 GCA §§ 3107(b), 3108(a) (2005). The appealed decision is a final judgment "because it adjudicates all the claims and all rights and liabilities of all parties, in accordance with 7 GCA § 3108(a) (2005)." *See Topasna v. Gov't of Guam*, 2021 Guam 23 ¶ 5 (citation omitted).

## III. STANDARD OF REVIEW

**[17]** We will reverse the denial of a writ of mandamus only upon finding an abuse of discretion. *Id.* ¶ 6 (citation omitted). "[T]he trial court's conclusions of law, such as whether the legal requirements for mandamus are met and issues of statutory interpretation, are reviewed *de novo*." *See id.* (quoting *Agana Beach Condo. Homeowners' Ass'n v. Mafnas*, 2013 Guam 9 ¶ 11); *see also Port Auth. of Guam v. Civ. Serv. Comm'n (Javelosa)*, 2018 Guam 9 ¶ 15 (underscoring *de novo* review of statutory interpretation).

**[18]** We review *de novo* whether *res judicata* bars a proceeding. *Cristobal v. Siegel*, 2016 Guam 27 ¶ 37.

**[19]** We review the trial court's determination of judicial admissions for abuse of discretion. *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997).

//

//

## IV. ANALYSIS

[20]     Petitioners argue the trial court erred in relying on *res judicata* because DOA's duty to promote Petitioners under 10 GCA § 72107 was not specifically addressed in SP0189-10. Appellants' Br. at 17 (Mar. 3, 2020).  Respondents counter that SP0088-17 is substantially the same suit as SP0189-10, and the facts and issues have been adjudged with finality.  Appellees' Br. at 19-27 (June 26, 2020).

[21]     Petitioners also assert that the trial court erred in failing to apply strict construction to the interpretation of 10 GCA § 72107 and in imposing the application of public policy to its interpretation.  Appellants' Br. at 18-22.  Respondents claim that a plain reading of 10 GCA § 72107 reveals that a prior, formal temporary appointment is a prerequisite to the operation of the statute, and the Petitioners waived any rights under 10 GCA § 72107 when they resigned their government employment.  Appellees' Br. at 43-50.

[22]     We hold that Petitioners' SP0088-17 claim was litigated in SP0189-10 and is precluded by *res judicata*.  Further, the trial court did not err in interpreting 10 GCA § 72107 as not applying to Petitioners.

[23]     Having determined this suit is barred and the statute inapplicable, we need not address claims regarding statutes of limitation or unsought administrative remedies.  *See Hemlani v. Hemlani*, 2015 Guam 16 ¶ 33 ("As a general appellate principle, a court will not address issues unnecessary to the resolution of the case before it.").

### A.  The Petitioners' Claims Are Barred by *Res Judicata*

[24]     First, we consider the trial court's application of *res judicata*.  The doctrine of *res judicata* gives a conclusive effect to prior judgments by barring subsequent litigation of the same controversy.  *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 10.  A claim is precluded where an identical

cause of action has been litigated, even if incorrectly adjudged. *See Trans Pac. Exp. Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 13; *In re Aguon*, 2013 Guam 4 ¶ 23 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).

[25]    Because the trial court's Decision and Order in SP0088-17 established its *res judicata* holding, we analyze it directly and *de novo*.

### 1.  The trial court applied the correct legal framework

[26]    The trial court properly cited our *res judicata* statute, 6 GCA § 4209, which states:

> In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided that they have notice, actual or constructive, of the pendency of the action or proceedings.

6 GCA § 4209(2) (2005); *see also* RA, tab 16 at 6 (Dec. & Order, May 9, 2019).  The court provided suitable case law to clarify the elements of claim preclusion or *res judicata*:

> (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and later suit, and (3) an identity of the parties or their privies in the two suits.

RA, tab 16 at 6 (Dec. & Order, May 9, 2019) (quoting *In re Aguon*, 2013 Guam 4 ¶ 23).  To aid interpretation, the court cited our decision indicating California case law guides 6 GCA § 4209 application; it then referenced a California Court of Appeals case to help determine when an administrative decision is final. *Id.* (citing *Zahnen*, 2008 Guam 5 ¶¶ 12-17; *Castillo v. City of Los Angeles*, 111 Cal. Rptr. 2d 870 (Ct. App. 2001)).  Although the court's *Zahnen* citation may mislead because that passage narrowly applied to the probate code, the fact stands that we generally take guidance from California on the issue of *res judicata*. *Zahnen*, 2008 Guam 5 ¶ 17; *see also Presto v. Lizama*, 2012 Guam 24 ¶¶ 20-27 (explaining Guam's *res judicata* law derives from California's, which simply reiterates the common law).  Therefore, the court's comparison to

*Castillo v. City of Los Angeles*, 111 Cal. Rptr. 2d 870 (Ct. App. 2001), is not an improper way to evaluate whether this administrative decision was final.

[27]     Facially, the trial court employed a credible approach to *res judicata* analysis. We now apply our own analysis and agree that *res judicata* bars Petitioners' claims.

## 2. Our application of *res judicata* elements

[28]     "Res judicata embraces two doctrines, claim preclusion and issue preclusion." *Reyes v. First Net Ins. Co.*, 2009 Guam 17 ¶ 20. Here, we analyze claim preclusion—where a rendered judgment is the full measure of relief accorded between the same parties for the same claim. *Id.* Finding all three elements met, we hold Petitioners are barred from relitigating their claim to promotion under 10 GCA § 72107.

### a. The July 2017 judgment in SP0189-10 was a final judgment on the merits in an earlier suit

[29]     The Petitioners brought a previous case—SP0189-10—relating to the same set of facts and that reached a final judgment on the merits. The Superior Court issued a final judgment in SP0189-10 on July 18, 2017. *Cf. Cristobal*, 2016 Guam 27 ¶¶ 38-40. Petitioners did not appeal that judgment, and it is well past the thirty-day time allowance. *See* Guam R. App. P. 4(a)(1).

[30]     The underlying CSC conclusion used by the Superior Court was a final administrative decision. California law provides that an administrative decision is final when it follows a full hearing, is made on the merits, and the time for appeal passes.[5] *Castillo*, 111 Cal. Rptr. 2d at 876. By 2015, the CSC completed its multi-week evidentiary hearing with the Petitioners. SP0189-10 (Stip. Return Peremptory Writ Mand. (Nov. 19, 2015)), Ex. 1 at 2-3 (CSC Dec. & Evid. Hr'g Peremptory Writ Mand. (Nov. 17, 2015)). This hearing was at the Superior Court's order

---

[5] Guam adopted 6 GCA § 4209 from California Code of Civil Procedure section 1908(a), and California case law persuades in our interpretation. *Damian v. Damian*, 2015 Guam 12 ¶ 65.

mandating the CSC determine and reclassify the exact duties Petitioners performed. The CSC's holding specified Petitioners' duties beyond Firefighter I and how many days of pay differential they were owed. Instead of appealing the decision, Petitioners personally, through counsel, demanded DOA and GFD comply with the decision per 10 GCA § 72107 and requested the Superior Court order that compliance. When the Superior Court refused and found Petitioners should file a grievance, Petitioners instead moved *the court* for reconsideration. Petitioners made no administrative appeal of the CSC decision, and it is again well past the twenty-day CSC appeal deadline. *See* 4 GCA § 4406(d) (1996). Thus, the CSC's decision on which the court based its SP0189-10 final judgment is therefore also final, meaning there are no grounds to assert the court's judgment in SP0189-10 is anything other than final.

[31]    We now turn to whether the issues decided in SP0189-10 are sufficiently similar to the issues in the present suit.

### b. An identity of the causes of action in both the earlier and later suit exists

[32]    "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Reyes*, 2009 Guam 17 ¶ 26 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)); *see also Gospel Missions of Am. v. Los Angeles*, 328 F.3d 548, 555 (9th Cir. 2003) (quoting *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992)) (providing four questions to identify redundant claims).

[33]    In SP0189-10 and SP0088-17, the same set of facts controls both claims: which extra duties Petitioners performed between 2001 and 2008. And for thoroughness, we further examine the cause of action.

[34]     California defines a cause of action as "the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (citation omitted); *see also id.* ("[O]ne injury gives rise to only one claim for relief."). The cause of action is determined by the harm suffered and the duty breached, not by the legal theory asserted. *Id.*; *see also Slater v. Blackwood*, 543 P.2d 593, 594-95 (Cal. 1975) (in bank). Parties may not sue again for the same harm previously litigated, even under a different legal theory. *Zahnen*, 2008 Guam 5 ¶ 10 n.5. *Res judicata* "prevents litigation of a claim that was not litigated in a previous suit, but could have been." *Id.* ¶ 10.

[35]     In both cases, Petitioners raised the *de facto* promotion to a position higher than their titles, based on the duties performed. In their original 2005 DOA audit request, Petitioners claimed they performed the duties of Fire Captain. DOA denied promotion, recommending only compensation. The DOA audit explains it could not reclassify Petitioners to another title because no appropriate position existed then, and Petitioners did not perform the supervisory duties of Fire Captains. *See* RA, tab 1 at 2 (Pet. Writ Mand.), Ex. 1 at 1 (Mem. DOA to Fire Chief, May 21, 2008) (finding some of Petitioners' duties resembled those of the abolished Fire Inspector position). Petitioners then filed SP0189-10 seeking mandamus for "DOA and GFD *to pay monetary compensation*," asserting they "performed in an acting capacity the duties of Fire Captain." SP0189-10 (Pet. Judicial Review & Writ Mand. at 2-3, 9 (Sept. 7, 2010)) (emphasis added). DOA and GFD denied Petitioners had been detailed to any assignment above their Firefighter I classification. SP0189-10 (GFD Answer at 3-6, 9 (May 20, 2011)); *id.* (DOA Answer at 2-3, 6 (May 20, 2011)). Similarly, the trial court analyzed the "Temporary Assignments" statute, 4 GCA § 4117 (2005), and held Petitioners' claim was to reclassify their positions based on their duties and responsibilities, "not

a temporary detail assignment," subject to a ninety-day detail limitation. SP0189-10 (Dec. & Order at 9 (Apr. 12, 2013)). When the court issued mandamus for the CSC to evaluate Petitioners' work, reclassify their duties, and determine the remedy, the CSC decided "in accordance with the desk audit rendered by [DOA]" and recommended pay, not promotion. SP0189-10 (Stip. Return Peremptory Writ Mand. (Nov. 19, 2015)), Ex. 1 at 3 (CSC Dec. & Evid. Hr'g Peremptory Writ Mand. (Nov. 17, 2015)).

[36]     Petitioners misspeak in summarizing the DOA and CSC findings that they were "occupying the position of a Fire Service Specialist." *See* Appellants' Br. at 2, 6-7; *cf.* SP0189-10 (Stip. Return Peremptory Writ Mand. (Nov. 19, 2015)), Ex. 1 at 3 (CSC Dec. & Evid. Hr'g Peremptory Writ Mand. (Nov. 17, 2015)) ("Petitioners were performing the *duties* of Fire Specialist during the time at issue." (emphasis added)). According to DOA and the CSC, and as recognized by the court, GFD had breached its duty to fairly compensate Petitioners, and they were awarded back pay. Petitioners later claimed the award was insufficient; rather than take the court's suggestion to file a writ to enforce their sought award, they argued for promotion under 10 GCA § 72107. RA, tab 1 at 1, 3, 6 (Pet. Writ Mand.); *see also* SP0189-10 (Dec. & Order at 5-6 (May 10, 2017) (finding Petitioners to newly argue for promotion to Fire Service Specialist in contrast with their original claim for compensation and promotion to Fire Captain)).

[37]     Upon a review of the record, we find the Petitioners have not asserted a new cause of action; the harm here is the same as alleged in SP0189-10. Additionally, the underlying dispositive facts in both cases are identical and have been thoroughly examined—the exact duties Petitioners performed for GFD from 2001 to 2008 as related to their titles and duties. We find no reason that Petitioners' delayed reliance on 10 GCA § 72107 supports a second claim for relief for the same injury. *See Reyes*, 2009 Guam 17 ¶ 20 ("[R]es judicata precludes matters which were raised, or

could have been raised, in the prior proceeding." (citation omitted)). The claims made in the two cases are "substantially identical," and so the doctrine of *res judicata* bars the second suit for the same harm. *See Presto*, 2012 Guam 24 ¶ 32. Petitioners also previously argued their 10 GCA § 72107 legal theory. In 2014, Petitioners unsuccessfully moved the court to mandate their promotion under this statute. SP0189-10 (Mot. Writ Mand. at 1, 3 (Mar. 20, 2014)). In 2016, before Petitioners repeated this request, DOA and GFD denied that 10 GCA § 72107 applied. SP0189-10 (Renewed Mot. at 1-5 (July 14, 2016)); RA, tab 1 (Pet. Writ Mand.), Ex. 3 (Letter from AG to Pet'rs, Feb. 29, 2016); *id.*, Ex. 4 (Letter from AG to Pet'rs, May 13, 2016). In response, the court twice denied Petitioners' mandamus motion, finding it inappropriate to grant the extraordinary relief of a writ of mandamus where Petitioners had not sought administrative remedies and had presented a redundant argument. SP0189-10 (Dec. & Order at 4-5 (Nov. 23, 2016)); SP0189-10 (Dec. & Order at 5-6 (May 10, 2017) ("[T]he Court finds no remaining issues to be resolved in this case.")). The record therefore shows that when the parties argued 10 GCA § 72107 in SP0088-17, the court was familiar with Petitioners' statutory claim for being promoted. The record, too, lacks justification for applying 10 GCA § 72107 in SP0088-17 when the court denied it in SP0189-10. We find no compelling reason to disagree.

### c. An identity of the parties or their privies in the two suits exists

[38] Petitioners do not contest that the parties are identical in SP0189-10 and SP0088-17: San Nicolas and Sablan versus DOA and GFD. *See* Appellants' Br. at 7. *Compare* SP0189-10 (Pet. Judicial Review & Writ Mand. (Sept. 7, 2010)), *with* RA, tab 1 (Pet. Writ Mand., June 22, 2017). This element is met.

//

//

#### d. *Res judicata* bars Petitioners' claim

**[39]**    Applying 6 GCA § 4209 and well-established Guam case law on the elements, we find Petitioners' SP0088-17 claim is precluded.  The decision of the Superior Court in SP0189-10 is final; the cause of action, entitlement to fair compensation, was the same; and the parties in these proceedings have been identical.  Petitioners are precluded from relitigating this matter.

### B.  The Trial Court Did Not Err in Ruling 10 GCA § 72107 Does Not Apply to Petitioners

**[40]**    In its October 2019 Decision and Order, the trial court upheld its May 2019 finding that "10 GCA § 72107 did not apply to the Petitioners because the Petitioners were never appointed as Fire Service Specialists, nor did they occupy the position of Fire Service Specialists, during their tenure at GFD."  RA, tab 30 at 3 (Dec. & Order, Oct. 16, 2019).  The statute reads:

> **§ 72107. Rendering Appointments Permanent.**
>
> A Guam Fire Department employee who has *occupied* the position of Firefighter II or Fire Service Specialist on a temporary basis for more than five (5) years shall be deemed to be promoted to and occupy said position on a permanent basis. The Director of Administration shall execute the necessary personnel actions to document such promotions.

10 GCA § 72107 (emphasis added).

**[41]**    The trial court determined a plain reading of the statute requires an individual be *appointed* to a temporary position before he can benefit from the statute as *occupying* that position.  RA, tab 30 at 4 (Dec. & Order, Oct. 16, 2019).  Otherwise, the court reasoned, an employee could quietly over-perform his duties and demand a permanent promotion—an untenable situation not described in the statute and not originally intended.  *Id.* at 4-5; RA, tab 16 at 5 (Dec. & Order, May 9, 2019) (citing Captain Michael Uncango's declaration on statute's origin).

**[42]**    On appeal, Petitioners argue that strictly interpreted, the statute effectuates automatic appointments where no formal promotion or appointment occurred.  Appellants' Br. at 19.

Respondents counter that 10 GCA § 72107 applies when an employee *occupied* a position on an acknowledged temporary basis, not where he performed duties of that position; the statute makes permanent a temporary appointment. Appellees' Br. at 41-46. They also assert that any lingering ambiguity can be clarified by the statute's title, "Rendering Appointments Permanent," not because titles control, but based on the statutory scheme context and to avoid absurdity. *Id.* at 45 (citing 1 GCA § 720 and *People v. Barcinas*, 2016 Guam 38 ¶ 12).

[43]    We need not determine whether 10 GCA § 72107 can ever apply absent a formal appointment. Here, the record fails to show that Petitioners *occupied* the position of Fire Service Specialist. Overall, it is inconsistent about the specifics regarding the Fire Service Specialist position. In the first audit, DOA suggested paying Petitioners at the level of Fire Service Specialist as a concession because their work did not fit any formal position. RA, tab 1 at 2 (Pet. Writ Mand.), Ex. 1 at 2 (Mem. DOA to Fire Chief, May 21, 2008). DOA explicitly refused to classify the work of Petitioners, saying, "[O]ur office cannot classify [Petitioners] into any position since none exists at this time.").[6] *Id.* The CSC later held "in accordance with the desk audit rendered by the Department of Administration" that Petitioners were "not merely performing the duties of Firefighter I" but also the duties of Fire Specialist, despite DOA never making that explicit finding. SP0189-10 (Stip. Return Peremptory Writ Mand. (Nov. 19, 2015)), Ex. 1, at 3 (CSC Dec. & Evid. Hr'g Peremptory Writ Mand. (Nov. 17, 2015)).[7] The CSC then found Petitioners entitled to a pay differential of two years and eight months at the Fire Specialist level. *Id.*

---

[6] The DOA audit letter does recommend that the Fire Inspector position be reinstated within GFD, but it does not elaborate on the full, essential duties of that position. *See* RA, tab 1 at 2 (Pet. Writ Mand.), Ex. 1 at 1 (Mem. DOA to Fire Chief, May 21, 2008) ("[O]ur office has determined that there is a need to re-instate the Fire Inspector position or similar position within the Fire Department.").

[7] Whether the CSC meant to explicitly break with DOA or was merely following the lead of the Superior Court is unclear. The court, in its Decision and Order granting the Petitioner's first writ of mandamus, did state that "the DOA desk audit classified Petitioner's [sic] duties and responsibilities as Fire Specialist." SP0189-10 (Dec. &

**[44]**     Half a year later, DOA, through counsel, declared that "[t]here are no more Fire Service Specialists in the Guam Fire Department because the position was abolished years ago."  RA, tab 1 (Pet. Writ Mand.), Ex. 4 (Letter from AG to Pet'rs, May 13, 2016).  Just three months after this letter, in a brief filed with the Superior Court, Respondents claimed that there were "approximately eight Fire Service Specialists working at GFD."  SP0189-10 (Mem. Opp'n Renewed Mot. at 8 (Aug. 18, 2016)).  Moreover, the same memorandum claims that Petitioners had applied for the Fire Service Specialist position and failed the exam for the position.  *Id.*  Neither Petitioners, nor Respondents, nor the Superior Court ever explain or even comment on this inconsistency.

**[45]**     Despite all the disagreement listed above, the record firmly establishes the remedy offered to Petitioners has always been the same: compensation.  DOA, the CSC, and the Superior Court have all agreed that Petitioners have done work above that associated with the Firefighter I position and that they should receive payment for that work.  As Petitioners cannot show the record supports a conclusion that they occupied the position of Fire Service Specialist, 10 GCA § 72107 is inapplicable to their situation.

**[46]**     In addition, we are not persuaded the alleged judicial admissions change this fact.  Because the Superior Court limited compensation to after the DOA desk audit began in 2005, the CSC Decision recommends back pay for under three years—until 2008 when Petitioners left their roles—without recommending any compensation before 2005.  *See* SP0189-10 (Stip. Return Peremptory Writ Mand. (Nov. 19, 2015)), Ex. 1 at 3 (CSC Dec. & Evid. Hr'g Peremptory Writ Mand. (Nov. 17, 2015)).  That Decision also lacks a finding of "occupation," instead naming duties Petitioners performed.  *See id.*

Order at 7 (Apr. 12, 2013)).  However, in briefing to the court, DOA only ever admitted that its desk audit recommended "to *compensate* Petitioners as Fire Service Specialist and to create a new position or re-instate the Fire Inspector position."  SP0189-10 (Answer & Affirmative Defenses (Fred Nishihira & Benita Manglona) (May 20, 2011)) (emphasis added).

[47]     Additionally, before binding a party to a counsel's judicial admission, a court should find the assertion is "unequivocal," a deliberate waiver of the right to present contradictory evidence, and of a factual nature rather than a legal theory. *Sinlao v. Sinlao*, 2005 Guam 24 ¶ 17 (quoting *Childs v. Franco*, 563 F. Supp. 290, 292 (E.D. Pa. 1983)). A trial court has discretion and should account for the circumstances of the case. *Id.* at 16; *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988). Although Respondents failed to contest the term "occupied" in their Answer, they argued Petitioners did not qualify for 10 GCA § 72107 promotion based on their positions. *Cf. Jacot v. Miller*, Civil Case No. 16-00074, 2019 WL 3771749, at *2 (D. Guam Aug. 9, 2019) (finding attorney's statement that there was no contractual "consideration" not a binding judicial admission in light of contrary evidence). Given that SP0189-10 and SP0088-17 contested the nature of Petitioners' positions, we find the trial court did not abuse its discretion in concluding Respondents' answers "sufficiently contradict the Petitioners' [occupation] claim . . . within the narrow bounds of how that phrase is to be construed under §72107" and are not binding judicial admissions. RA, tab 30 at 4 (Dec. & Order, Oct. 16, 2019). The trial court did not err in finding 10 GCA § 72107 does not apply to Petitioners.

**C.  The Trial Court Did Not Err in Denying the Writ of Mandamus**

[48]     A writ of mandamus is an extraordinary remedy; we reverse its denial only upon finding an abuse of discretion. *Sorensen Television Sys., Inc. v. Superior Court (Lina'la Sin Casino)*, 2006 Guam 21 ¶ 12 (citing 7 GCA § 31401 (2005)); *Topasna*, 2021 Guam 23 ¶ 6 (citation omitted). In denying the SP0088-17 Writ of Mandamus, the court found *res judicata* precluded relitigating the SP0189-10 decision. RA, tab 16 at 6-7 (Dec. & Order, May 9, 2019). The court next upheld this denial by maintaining its interpretation of 10 GCA § 72107 and finding no need to reanalyze *res judicata*. RA, tab 30 at 3-5 (Dec. & Order, Oct. 16, 2019).

**[49]** We, too, find *res judicata* bars relitigating Petitioners' promotion, and 10 GCA § 72107 does not apply to Petitioners. It was therefore not an abuse of discretion for the trial court to deny the SP0088-17 Writ of Mandamus in May 2019. Upholding that denial is likewise not an abuse of discretion.

## V. CONCLUSION

**[50]** We **AFFIRM** the trial court's denial of the Verified Petition for Writ of Mandamus as the suit is barred by *res judicata*, and the court did not err in finding 10 GCA § 72107 inapplicable to Petitioners.


/s/                                                                        /s/
ROBERT J. TORRES                                           KATHERINE A. MARAMAN
Associate Justice                                                  Associate Justice


/s/
F. PHILIP CARBULLIDO
Chief Justice